UNDER SEAL

ORIGINAL

FILED

2012 AUG -1 PM 5:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL EDWARD BELL,<br>aka "J-Roc,"<br>aka "Jay-Roc,"<br>aka "Best Choice,"<br>aka "Jay the Truth,"<br>aka "Rich Rollin,"<br>aka "Jay Rich,"<br>SAMUEL ROGERS,<br>aka "Bone,"<br>GARY ROGERS,<br>aka "G-Man,"<br>aka "Hitter-Six,"<br>aka "Hitter Cix,"<br>CHRISTOPHER WELDON,<br>aka "Chris Roc,"<br>aka "Bro Bro,"<br>aka "C-Roc,"<br>aka "Christopher Marcus,"<br>JAVIYA BROOKS,<br>aka "Shady Blue,"<br>aka "Shady,"<br>aka "Shady Baby,"<br>aka "Lady Shady,"<br>KIMBERLY ALBERTI,<br>aka "Pucca,"<br>aka "Pooka,"<br>KRISTY HARRELL, and<br>SU YAN,<br><br>Defendants. | ED CR No. 12 ED CR12-00057 VAP<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1594(c): Conspiracy to Engage in Sex Trafficking; 18 U.S.C. § 1591(a)(1): Sex Trafficking; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 18 U.S.C. § 1952(a)(3): Interstate Transportation in Aid of Racketeering Enterprise] |

UNDER SEAL

FILED

2012 AUG -1 PM 5:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

PAUL EDWARD BELL,
aka "J-Roc,"
aka "Jay-Roc,"
aka "Best Choice,"
aka "Jay the Truth,"
aka "Rich Rollin,"
aka "Jay Rich,"
SAMUEL ROGERS,
aka "Bone,"
GARY ROGERS,
aka "G-Man,"
aka "Hitter-Six,"
aka "Hitter Cix,"
CHRISTOPHER WELDON,
aka "Chris Roc,"
aka "Bro Bro,"
aka "C-Roc,"
aka "Christopher Marcus,"
JAVIYA BROOKS,
aka "Shady Blue,"
aka "Shady,"
aka "Shady Baby,"
aka "Lady Shady,"
KIMBERLY ALBERTI,
aka "Pucca,"
aka "Pooka,"
KRISTY HARRELL, and
SU YAN,

Defendants.

ED CR No. 12 ED CR 12-00057 VAP

I N D I C T M E N T

[18 U.S.C. § 1594(c): Conspiracy to Engage in Sex Trafficking; 18 U.S.C. § 1591(a)(1): Sex Trafficking; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 18 U.S.C. § 1952(a)(3): Interstate Transportation in Aid of Racketeering Enterprise]

[UNDER SEAL]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1594(c)]

Beginning on a date unknown and continuing to in or about May 2012, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendants PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," and aka "Jay Rich" ("BELL"), SAMUEL ROGERS, aka "Bone" ("S. ROGERS"), GARY ROGERS, aka "G-Man," aka "Hitter-Six," aka "Hitter Cix" ("G. ROGERS"), CHRISTOPHER WELDON, aka "Chris Roc," aka "Bro Bro," aka "C-Roc," aka "Christopher Marcus" ("WELDON"), JAVIYA BROOKS, aka "Shady Blue," aka "Shady," aka "Shady Baby," aka "Lady Shady" ("BROOKS"), KIMBERLY ALBERTI, aka "Pucca," aka "Pooka" ("ALBERTI"), and KRISTY HARRELL ("HARRELL"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and benefit, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained the following individuals, as well as others, Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, Victim 6, and Victim 7 (collectively, "the Victims"), knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the Victims

to engage in commercial sex acts, and that Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, and Victim 7 had not attained the age of 18 years and would be caused to engage in commercial sex acts, all in violation of Title 18, United States Code, Section 1591(a).

COUNT TWO

[18 U.S.C. § 1591(a)(1)]

Between in or about January 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 3, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 3 to engage in a commercial sex act, and that Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT THREE

[18 U.S.C. § 1591(a)(1)]

Between in or about February 2011, and in or about July 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 4, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 4 to engage in a commercial sex act, and that Victim 4 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT FOUR

[18 U.S.C. § 1591(a)(1)]

Between in or about January 2011, and in or about February 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 5, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 5 to engage in a commercial sex act, and that Victim 5 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT FIVE

[18 U.S.C. § 1591(a)(1)]

Between in or about May 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 7, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 7 to engage in a commercial sex act, and that Victim 7 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about May 4, 2011, in Los Angeles County, within the Central District of California, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich" ("BELL"), knowingly possessed a firearm, namely, an Intratec model Tec-DC9 machine pistol, with the serial number removed, in and affecting interstate and foreign commerce. Such possession occurred after defendant BELL had been convicted of at least one of the following felonies, each punishable by a term of imprisonment exceeding one year:

1. False Personation of Another, in violation of California Penal Code Section 529, in the Superior Court of the State of California, County of Los Angeles, case number KA07041401, on or about May 7, 2005;

2. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a), in the Superior Court of the State of California, County of Riverside, case number RIF134327, on or about May 23, 2007;

3. Inflict Corporal Injury on a Spouse or Co-habitant, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Los Angeles, case number TA09474601, on or about April 7, 2008.

COUNT SEVEN

[18 U.S.C. § 1591(a)(1)]

In or about January 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited and enticed Victim 1, knowing and in reckless disregard of the fact that Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT EIGHT

[18 U.S.C. § 1591(a)(1)]

In or about January 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited and enticed Victim 2, knowing and in reckless disregard of the fact that Victim 2 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT NINE

[18 U.S.C. § 1591(a)(1)]

Between in or about January 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 3, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 3 to engage in a commercial sex act, and that Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT TEN

[18 U.S.C. § 1591(a)(1)]

Between in or about February 2011, and in or about July 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 4, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 4 to engage in a commercial sex act, and that Victim 4 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT ELEVEN

[18 U.S.C. § 1591(a)(1)]

Between in or about January 2011, and in or about February 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 5, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 5 to engage in a commercial sex act, and that Victim 5 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT TWELVE

[18 U.S.C. § 1591(a)(1)]

Between in or about February 2011, and in or about March 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 6, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 6 to engage in a commercial sex act.

COUNT THIRTEEN

[18 U.S.C. § 1591(a)(1)]

Between in or about February 2011, and in or about March 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant GARY ROGERS, also known as ("aka") "G-Man," aka "Hitter-Six," aka "Hitter Cix," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 6, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 6 to engage in a commercial sex act.

COUNT FOURTEEN

[18 U.S.C. § 1591(a)(1)]

Between in or about January 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant CHRISTOPHER WELDON, also known as ("aka") "Chris Roc," aka "Bro Bro," aka "C-Roc," aka "Christopher Marcus," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 3, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 3 to engage in a commercial sex act, and that Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT FIFTEEN

[18 U.S.C. § 1591(a)(1)]

Between in or about January 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant JAVIYA BROOKS, also known as "aka" "Shady Blue," aka "Shady," aka "Shady Baby," aka "Lady Shady," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 3, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 3 to engage in a commercial sex act, and that Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT SIXTEEN

[18 U.S.C. § 1591(a)(1)]

Between in or about May 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant JAVIYA BROOKS, also known as "aka" "Shady Blue," aka "Shady," aka "Shady Baby," aka "Lady Shady," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 7, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 7 to engage in a commercial sex act, and that Victim 7 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT SEVENTEEN

[18 U.S.C. § 1591(a)(1)]

Between in or about February 2011, and in or about March 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant KRISTY HARRELL knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 6, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 6 to engage in a commercial sex act.

COUNT EIGHTEEN

[18 U.S.C. § 1952(a)(3)]

Between in or about July 2011, to on or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SU YAN, and others known and unknown to the Grand Jury, traveled in interstate and foreign commerce and used the mail and any facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, prostitution offenses in violation of the laws of the State of California and of the United States, and thereafter performed and attempted to perform acts to distribute the proceeds of and promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

A TRUE BILL

/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

ANTOINE F. RAPHAEL
Assistant United States Attorney
Chief, Riverside Branch Office

AMI SHETH
Assistant United States Attorney
Riverside Branch Office