# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

| | |
|---|---|
| CLERK, U.S. DISTRICT COURT | |
| **JUL 2 8 2020** | |
| CENTRAL DISTRICT OF CALIFORNIA | |
| BY _____ DEPUTY | |

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Virginia A. Phillips

From: Christine Chung _____, Deputy Clerk   Date Received: 07/20/2020

Case No.: EDCR 12-00057-VAP-2 _____ Case Title: U.S.A. -V- [2] Samuel Rogers

Document Entitled: Motion for Compassionate Release Pursuant to 18 U.S.C. Section 3582(c)(1)(A, First Step Act of 2018

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☑ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | Document is not signed.  Local Rule 11-1, all documents must be signed. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____     _____
Date                                                  U.S. District Judge / U.S. Magistrate Judge

☑ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

July 28 2020                         Vup
_____     _____
Date                                                  U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

| COPY 1 -ORIGINAL-OFFICE | COPY 2 -JUDGE | COPY 3 -SIGNED & RETURNED TO FILER | COPY 4 -FILER RECEIPT |
|---|---|---|---|

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA (EASTERN DIVISION)

CASE NO: 5:12-cc-00057-VAP-3

SAMUEL ROGERS,
          movant,

     v.
UNITED STATES OF AMERICA,
          Respondent,

## MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. 3582 (c)(1)(A), FIRST STEP ACT OF 2018

Comes now Samuel Rogers pro se, praying to move this Honorable Court to both Consider and grant the instant motion for a Compassionate release pursuant to 18 U.S.C. 3582 (c)(1)(A) as amended by the enactment of the First step act of 2018. For this Courts Consideration petitioner humbly submits the following:

## STATEMENT OF FACTS

On april 22, 2014 this Honorable Court Sentenced movant to a term of imprisonment of 240 months for Conspiracy to engage in Sex trafficking in Violation of 18 U.S.C. 1594 (c). On May 26, 2020 movant

2.

placed in the inmate mailbox an inmate request form addressed to the warden of the institution (Warden VEREEN) seeking a Compassionate Release pursuant to 18 U.S.C. 3582 (c)(1)(A) of the newly amended First step act. (SEE EXHIBIT #1). As of this date (July 9, 2020) no response to this request has been forthcoming from the Warden. Approximately one and a half month(s) before movant made the above referenced request, the Director of the Federal Bureau of Prisons, Mr. M. D. Carvajal, issued a memo to the total population of the inmates in the BOP, in which he used language as follows. "Unfortunately im also saddened to report, as of today, we have had Eight COVID-19 inmate related deaths". And, "These are not normal times". "Our World is much different than it was a month ago. "We recognize this is hard on you, but remember it is equally hard on everyone". "Staff are expieriencing many of the same feelings as you, your family, as well as myself." (SEE Attached memo at EXHIBIT #2). Movant has been diagnosed with asthma since childhood. Movant is now fearful that this condition places him in jeopardy of being killed by the COVID-19 virus if infected, as it places movant in high risk of respiratory failure.

3.

<u>LAW AND ARGUMENT</u>

In 2018 Congress passed the First step act, which allows defendant's — as opposed to only the BOP to bring motions for reduction of Sentence under 18 U.S.C. 3582 (c)(1)(A). That change in law precipitated this current motion before the Court. I a section titled "increasing the Use and transparency of Compassionate Release," the first step act amended 3582 (c)(1)(A) to allow Courts to modify Sentences not only upon" motion of the director of the BOP but also upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf "or the lapse of 30 days from the receipt of Such a request by the Warden of defendants facility." 603 (b), 132 Stat. at 5239 (codified at 18 U.S.C. 3582 (c)(1)(A).). A Court may now modify a defendants Sentence if it finds on either the BOP's or the defendants motion that "Extraordinary and Compelling reasons" Warrant Such a reduction, "and Such a reduction is Consistent with applicable policy Statements issued by the Sentencing Commission". Id. at 3582 (c)(1)(A), Movant has Standing to bring this motion because more than 30 days has Elapsed between his reduction in Sentence request to the Warden and a response. This Honorable

4.

Court may thus: reduce the term of imprisonment (and may impose a term of Probation or Supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that "Extraordinary and Compelling reasons" warrant such a reduction and that such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. 3582 (c)(1)(A).

At least one provision of the Sentencing Commission's previously promulgated policy statement is clearly Contradicted by the first step Act's amendments to 3582: The unamended policy statement of the U.S.S.G. still advises that "a reduction under this policy statement may be granted only upon motion by the director of the BOP. U.S.S.G. 1B1.1 13 cmt. Yet 3582 allows this Court to grant a motion for "Extraordinary and Compelling reasons" upon motion by the director or by defendant.

Where two statutes are in Conflict, it is axiomatic that the latter enacted is given preference over the former. See Antonin Scalia and Bryan Garner, Reading law: The interpretation of legal texts (2018) "The rule which had obtained in the Courts for determining Conflicting Statutes relative validity

5.

was that the last in order of time shall be preferred to the first. "Applying the rule of lenity, U.S.S.G. 1B1.13 cmt. n. 1 (D) no longer describes an appropriate use of sentence modification provisions and is thus not part of the applicable policy statement binding this Honorable Court. The rule of lenity mandates that when two readings of a statute are possible, the one that treats the defendant less harshly prevails. See McNally v. United States, 483 U.S. 350, 359 107 S.Ct. 2875, 97 L.Ed. 2d. 292 (1987). Thus, the correct interpretation of 18 U.S.C. 3582 (c)(1)(A) based on the text, statutory history and structure and this courts consideration of Congress's ability to override any of the Commission's policy statements "at any time", Mistretta v. United States, 488 U.S. 361, 394, 109 S.Ct. 647, 102 L.Ed. 2d. 714 (1988) is that when a defendant brings a motion for a sentence reduction under the amended provision, this Court can determine whether "Extraordinary and Compelling reasons" other than those delineated in U.S.S.G. 1B1.13 cmt. n. 1 (A)—(c) warrant granting relief. Movant Avers that COVID-19 (the Corona Virus) presents a clear and present danger to Movant because of the above referenced breathing disorder (ASTHMA), and as BOP staff working at this institution cannot be monitered 24 hours

6,

a day, my life is literally in the hands of people who may or may not be following the CDC guidelines. There is an outbreak at this institution currently, and there is a concurrent rise in positive tests for COVID-19 in Society at large. Movant humbly prays that this pandemic presents this Honorable Court with the "Extraordinary and Compelling reasons" it needs to help petitioner preserve his life and health, by granting this instant motion for a Compassionate release.

## IT IS SO PRAYED

This day _____

Signature _____

Movant positively Avers that the foregoing is true and Correct to the best of movants Knowledge, under the penalty of perjury.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM

*EXHIBIT 1*

SEP 98

**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: 5-26-2020 |
|---|---|
| FROM: *Samuel Rogers* | REGISTER NO.: *63421-112* |
| WORK ASSIGNMENT: | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

*I am requesting a Compassionate Release pursuant to 3582 (First Step Act) Due to the COVID-19 pandemic*

*Thank You*

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate      This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)      and BP-S148.070 APR 94

PRINTED ON RECYCLED PAPER



**U.S. Department of Justice**

**Federal Bureau of Prisons**

EXHIBIT #2

---

*Office of the Director*                *Washington, DC 20534*

April 8, 2020

MEMORANDUM FOR THE INMATE POPULATION

FROM:        M.D. Carvajal, Director

SUBJECT:        COVID-19 Pandemic

I would rather be able to address you directly, however, that is not
practical at this time.  Instead, I am writing this letter to tell
you what we are doing as an agency to safeguard your health during
the COVID-19 pandemic.  I want to thank each of you for your
understanding and cooperation as we diligently work to try and
prevent the introduction of coronavirus in our facilities and to stop
the spread of it in the facilities that have already been affected.
It is critically important that each and every one of us take this
seriously – together we will all get through this.

Let me share some information with you and dispel any rumors you may
have heard.  Despite the planning and preparations that has been
ongoing since January 2020, and the implementation of the first three
phases of our COVID-19 Action Plan, the BOP had its first positive
inmate case on March 21, 2020, and the first positive staff case the
very next day.  Unfortunately, I am also saddened to report, as of
today, we have had eight COVID-19 inmate-related deaths.  On
March 26, 2020, we implemented Phase 4 requiring all individuals
entering our facilities, including staff, be screened and
temperature checked.  This was a critical step to ensure we reduce
the risk of introducing and spreading the virus inside our
facilities.

The Executive Staff and I have made decisions that directly impact
each of you.  No decision, regardless of how large or small, is taken
lightly or done without considerable thought.  Stopping social
visits has a major impact on you and your loved ones.  But, by doing
so we are keeping you, your family, and the community safe.  We

increased your monthly phone minutes to help compensate for the lack
of visits and by Thursday, April 9, 2020, telephone calls will be
free to you for the duration of this emergency (please note, however,
collect calls will still be charged to the receiving phone number).
We recognize how important it is for you to keep in touch with your
families, especially at this time.  They need to know how you are
doing and you need to know how the virus is affecting them.

Access to legal counsel remains a paramount requirement but, like
social visiting, the BOP is reducing the risk of exposure created
by external visitors.  As such, while in general, legal visits will
be suspended for 30 days, case-by-case accommodation will be
accomplished at the local level and confidential legal calls will
be allowed in order to ensure inmates maintain access to counsel.
Limiting facility-to-facility transfers, and other inmate movement,
as well as implementing screening and quarantine and isolation
procedures, have been essential to slowing the spread of the virus.
The nationwide modified operations implemented to maximize social
distancing and limit group gatherings, such as staggering meal times
and recreation, have also been helpful.  However, the growing number
of quarantine and isolation cases in our facilities indicates we need
to do more.

Accordingly, on April 1, 2020, another decision was made that
directly impacts you.  For a 14-day period, inmates in every
institution have been secured in their assigned cells/quarters to
decrease the spread of the virus.  Again, we did not make this
decision lightly, and I know this can be frustrating for all of you.
But just like in communities nationwide who have been required to
shelter in place, we feel the safest course to prevent the spread
of the virus and keep you healthy is to have you shelter in place
as well.  After 14 days, this decision will be reevaluated and a
determination will be made as to whether or not to return to modified
operations.

All of our efforts are toward one goal -- keeping everyone in our
prisons, both staff and inmates, safe.  We are still in the early
stages of this virus; it is not even near the peak in the United
States.  With that said, I need your continued patience,
understanding, and cooperation.  I need you to communicate with
staff openly and honestly.  We need to know how you are feeling –
both physically by telling staff if you are feeling sick, coughing
or running a fever, and mentally, if you are anxious or scared.

I am also asking that you keep yourselves and your areas as clean
as possible.  On April 4, 2020, the CDC issued updated guidance
encouraging all persons to use masks in public, as such, masks have

been issued to you.  There are universal precautions that we must
all follow - we are sharing many of the same areas.  Please remember
to always:

- Wash your hands, especially after touching any frequently used
  item or surface.
- Avoid touching your face.
- Sneeze or cough into a tissue and wash your hands thereafter,
  or use the inside of your elbow.
- Observe social distancing as much as practical in our
  environment.

These are not normal times.  Our world is much different than it was
a month ago.  We recognize this is hard on you, but remember it is
equally hard on everyone.  Staff are experiencing many of the same
feelings as you, your family, as well as myself.

I want to close by personally telling you that your cooperation has
made a difference during this difficult time.  Please continue to
be patient and understanding.  Wash your hands frequently, cover
your coughs and sneezes, and avoid touching your face.  Maintain an
appropriate social distance as often as you can.  And, equally as
important, communicate with the staff about how you are feeling, ask
questions, and share your concerns.  This pandemic is a global
emergency and the BOP is taking proactive operational measures to
safeguard each of you that are entrusted to our care and custody.
I am committed to doing everything I can to help keep all of you
healthy and safe.



Sam
Unit
P.o. Box
Yazoo City, MS 39194

JUL 20 2020

Court Clerk
U.S. DISTRICT COURT
3470 Twelfth Street, Room
Riverside, California 9850

LEGAL MAIL

FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5666
YAZOO CITY, MS 39194

THE ENCLOSED LETTER WAS PROCESSED
ON 7-15-20. THROUGH SPECIAL
MAILING PROCEDURES.

This letter has neither been opened or inspected. If
the writer raises a question or problem over which
this facility has jurisdiction, you may wish to
return the material for further information or
clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to the above
address.